

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00132-CR

———————————————

STEVEN CURTIS MAREZ, JR., Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13859

---

Before Sudderth, C.J.; Wallach and Walker, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Steven Curtis Marez, Jr. appeals his conviction and 15-year sentence for aggravated assault. *See* Tex. Penal Code Ann. § 22.02. Appellant had been placed on deferred adjudication community supervision, but he pleaded true to violating the terms of his community supervision, and the trial court adjudicated him guilty.

On appeal from his conviction, appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion, in which counsel has determined, after examining the appellate record, that no arguable grounds for appeal exist. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders*, which requires presenting a professional evaluation of the entire record in the case demonstrating why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. We have independently examined the record, as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Although provided the opportunity to seek a copy of the appellate record and file a pro se response, appellant declined to do so. Likewise, the State did not file a response to the *Anders* brief.

After carefully reviewing the record and counsel's brief, we have determined that $15 should be deleted from the total court costs imposed in the judgment. No

statute authorizes the imposition of a $15 Motion to Proceed/Revoke Fee.[1] *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) ("Only statutorily authorized court costs may be assessed against a criminal defendant."). We therefore modify the judgment and incorporated funds-withdrawal order to delete $15 from the $396 in court costs, so that each imposes a total of only $381 in court costs.[2]

Except for this modification to the judgment and incorporated funds-withdrawal order, we agree with counsel that this appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We grant counsel's motion to withdraw, modify the trial court's judgment and incorporated funds-withdrawal order to impose only $381 in court costs, and affirm

---

[1]After the clerk's record containing a bill of costs showing imposition of this fee was filed, the trial court clerk filed a supplemental clerk's record with an amended bill of costs showing a balance of $0 for this fee, with no corresponding notation of payment (as opposed to other costs listed in the amended bill).

[2]Counsel identified the imposition of this fee as a potential error but also pointed out that if it had been included in the costs imposed in the deferred adjudication order, appellant could not now challenge it. *See, e.g.*, *Wiley v. State*, 410 S.W.3d 313, 320–21 (Tex. Crim. App. 2013). Nothing in the record shows that the trial court included the $15 fee in the original deferred adjudication order, and the record shows the basis for the other costs imposed in that order as well as costs subsequently imposed, other than the $15 fee. Additionally, the record also shows that appellant had been making payments on the court costs originally imposed.

the judgment as modified. *See* Tex. R. App. P. 43.2(b); *Bray v. State*, 179 S.W.3d 725, 729 (Tex. App.—Fort Worth 2005, no pet.).

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 14, 2021